Timothy J. Gorry, Esq. (State Bar No. 143797)
Edward E. Johnson, Esq. (State Bar No. 241065)
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California  90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Plaintiff
AGK Sierra de Montserrat, L.P.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| AGK SIERRA de MONTSERRAT, L.P., a Delaware limited partnership,<br><br>             Plaintiff,<br><br>       vs.<br><br>COMERICA BANK, a Texas corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. 2:15-cv-01280-KJM-AC<br><br>Honorable Kimberly J. Mueller<br><br>**AMENDED ORDER TO PROTECT CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: April 29, 2015<br>Trial Date:  July 17, 2017 |

Pursuant to the Stipulation filed by Plaintiff AGK Sierra de Montserrat, LP ("AGK"), on the one hand, and Defendant Comerica Bank ("Comerica"), on the other, the parties agree to this amended discovery protective order limiting the use and dissemination of certain information and materials designated by the parties as "Confidential Information" (as defined below). Accordingly, this Amended Protective Order ("Order") shall govern the handling of documents (as defined below), responses to interrogatories, depositions, exhibits and all other information exchanged by the parties in this action through initial disclosures or discovery, or provided by or obtained from non-parties in this action.

The Court finds that good cause exists to enter this Order because the parties may obtain through initial disclosures or discovery certain documents and information (*e.g.*, financial records, etc.), which, if disclosed to the public, would unnecessarily invade the protectable interests of the parties and nonparties who will potentially produce documents or provide testimony in this action, including, without limitation, such parties' protectable interests in maintaining the confidentiality of trades secrets, internal policies and procedures, and other proprietary business and financial information. Moreover, there is no valid reason any of the parties to this action should be allowed to, or need to, release such information to the public. Thus, this information requires special protection from disclosure.

As set forth below in Section 11, this Stipulated Protective Order does not entitle the parties to file confidential information under seal; Local Rules 141 and 141.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. ***Applicability of This Protective Order***. All testimony, information, documents and things filed with the Court or produced by any party or nonparty in discovery in this action shall be governed by this Order. This Order is entered solely for the purpose of facilitating the exchange of material without unnecessarily involving the Court in the process.

2. **_Pretrial Order Only._** This Order is strictly a pretrial order and does not govern the use or disclosure of information and materials at the trial in this action.

3. **_Confidential Information._** "Confidential Information" shall mean information and materials related to the businesses of the parties or third parties that are unique to the Designating Party (as defined below), that is, not already well known or reasonably discoverable upon research by a person outside of the such Designating Party, including, without limitation, trade secrets as defined by California Civil Code Section 3426, et seq., and such Designating Party's sales and financial information, compensation information, personnel files, marketing plans, business plans and strategies, research information, internal policies and procedures, systems, and methods, contracts and other forms, and all information and materials generally regarded as confidential in the industry or business in which the Designating Party is engaged.

4. **_Confidential Information Designation._** A party or nonparty may designate as "confidential" any document, discovery response, material, item, deposition testimony, or information that is otherwise produced through initial disclosures or in discovery in this action and which contains trade secret or commercial information, including proprietary business or financial information, nonpublic contracts, or sales information ("Confidential Material"). For purposes of this Order, the party or nonparty designating testimony, information, things or documents as Confidential Material is defined as the "Designating Party." The designation of Confidential Material shall be made only when counsel of record believes in good faith that the designated material actually qualifies for such protection and shall not be made: (a) to impose burden or delay on an opposing party; or (b) for any tactical or other advantage in litigation.

5. **_Procedure for Designating and Marking Confidential Material._** Confidential Material shall be designated and marked as follows:

   a. A document is to be designated as Confidential Material by stamping or

1  writing on it the following legend, or an equivalent thereof: "CONFIDENTIAL –
2  SUBJECT TO PROTECTIVE ORDER." The legend shall be placed on the first page
3  of the document and on each page that the Designating Party claims to contain
4  Confidential Material.

5        b.      Information or material produced in an electronic medium (*e.g.*, CD, DVD
6  or tape) is to be designated as Confidential Material by marking or labeling the medium
7  container with the legend specified in subsection 5(a) above. If any person or entity
8  who receives such a designated electronic medium prints or otherwise transfers to
9  another medium any of the information contained on the electronic medium, any
10 resulting document or other medium shall be marked by that person or entity as
11 Confidential Material in accordance with subsection 5(a), above, or this subsection
12 5(b).

13       c.      A physical item or exhibit is to be designated as Confidential Material by
14 affixing to it a label with the legend specified in section 5(a), above.

15       d.      A discovery response is to be designated as Confidential Material by
16 placing, on the first page of the set of responses and on each page that contains
17 information that the Designating Party claims to be Confidential Material, the legend
18 specified in subsection 5(a), above, and specifically denoting in the document which
19 response or responses the party deems to be "Confidential Material" subject to this
20 Order.

21       e.      Whenever a deposition involves a disclosure of materials or information
22 that any party asserts should be designated as Confidential Material, the deposition
23 shall be designated in accordance with this Protective Order. Such designation shall be
24 made at the deposition and/or within ten (10) days after the Designating Party has
25 received the written copy of the deposition transcript from the court reporter. All
26 Confidential Material produced at a deposition will be separately bound from the non-
27 confidential portions of that deposition.

28       6.      ***Inadvertent Failure to Designate By Producing Party.*** A Designating

Party that inadvertently fails to mark or designate an item as Confidential Material shall have five (5) court days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within two (2) court days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked or incorrectly marked items and all copies thereof.

7. ***Challenging Designation of Materials as Confidential.*** If any party believes that items have been improperly designated as Confidential Material, the party may challenge the other party's designation by serving a written objection upon the Designating Party. Within five (5) court days after receiving any written objection, the Designating Party shall notify the challenging party in writing of the bases for the asserted designation. The parties must then meet and confer in an effort to resolve their dispute without Court intervention. Nothing in this Order shall prevent any party, after taking the aforementioned steps, from raising the issue of an improper designation with the Court by way of an appropriate motion. In the event that an issue concerning the designation of Confidential Material is brought to the Court, the disputed material shall be treated as Confidential Material until such time as the Court renders a decision on such dispute.

8. ***Inadvertent Disclosure of Confidential Materials.*** In the event of any accidental or inadvertent disclosure of privileged documents or information, other than in a manner authorized by this Order, counsel for the Receiving Party shall comply with the obligations set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from this Court or any other appropriate court. Any person violating this Order may be subject to appropriate sanctions imposed by the Court.

9. ***Protecting Confidential Materials.*** Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage,

1  custody, use, and dissemination of such material, to avoid any intentional or inadvertent
2  disclosure to persons to whom disclosure is not permitted under this Order.

3      10. *Use of Information Produced Pursuant to This Order.* Confidential
4  Material shall be used by the party or parties to whom the information is produced
5  solely for the purpose of litigating the present lawsuit between the parties, including
6  appeals, unless otherwise agreed in writing by the Designating Party or so ordered by a
7  court. Confidential Material shall not be made available to any person or entity except
8  as authorized under this Order. However, nothing in this Order limits a Designating
9  Party from showing its own Confidential Material to whomever the Designating Party
10  may deem appropriate or using its own Confidential Material for any purpose.
11  Furthermore, nothing in this Order limits a party's ability to show items designated by
12  another party as Confidential Material to the Designating Party, including any present
13  officer, director, employee, or representative thereof.

14      Confidential Material may be disseminated only to the following persons, all of
15  whom shall be bound by this Protective Order:

16      a. Counsel of record and in-house counsel working on this action on behalf
17  of any party and counsel's partners and associates;

18      b. Named parties to the action, and those employees, agents and consultants
19  of those parties necessary for the prosecution or defense of this action;

20      c. Expert witnesses and consultants retained by counsel of record who are
21  directly participating in this action; and

22      d. Paralegals and secretarial and clerical employees of counsel of record who
23  are directly participating in the action, including necessary secretarial, clerical, and
24  litigation support or copy service personnel assisting such counsel.

25      e. Counsel of record and in-house counsel working on the civil action
26  entitled <u>Westwood Montserrat, Ltd. v. AGK Sierra de Monserrat, L.P. et al.</u>, in the
27  Superior Court of the State of California, in and for the County of Placer, Case No.
28

SCV0032447 (the "State Court Action") on behalf of any party and such counsel's partners and associates;

 f. Named parties to the State Court Action, and those employees, agents and consultants of those parties necessary for the prosecution or defense of the State Court Action;

 g. Expert witnesses and consultants retained by counsel of record who are directly participating in the State Court Action; and

 h. Paralegals and secretarial and clerical employees of counsel of record who are directly participating in the State Court Action, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel.

 Prior to providing any protected information to any person, including any use in the course of discovery (depositions, requests for admissions of authenticity of documents, etc.) counsel of record shall provide such person with a copy of this Order and such person shall have to agree to be bound hereunder prior to such disclosure or use.

 11. ***Submitting Confidential Materials to the Court.*** If any Confidential Material is to be filed with the Court, the party seeking to file such material shall comply with Local Rules 141 and 141.1 of this Court prior to filing such material with the Court. The parties agree that they shall avoid, as much as possible, the inclusion of Confidential Material in briefs and other documents filed with the Court so as to minimize the need to seal records or otherwise burden the Court.

 12. ***Return of Confidential Material.*** Upon termination of this action and the expiration of any rights of appeal, counsel for the parties shall, within thirty (30) days, assemble and return to the producing parties all Confidential Material and all copies of the same, or shall certify the destruction thereof to the supplying parties; provided, however, that outside counsel may retain one copy of each document solely for the purpose of reference in the event of any dispute concerning the use or disclosure of information so designated and may retain copies of such materials to the extent that

they contain, include, or affect attorney work product of the receiving attorney.

13. **Modification of Protective Order.** This Order is without prejudice to the right of AGK and Comerica to seek modification thereof.

IT IS SO ORDERED

DATED: July 22, 2016

_____
UNITED STATES DISTRICT JUDGE