1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AGK Sierra de Montserrat, L.P.,                No. 2:15-cv-01280-KJM-DB

12                      Plaintiff,                  FINAL PRETRIAL ORDER

13        v.

14   Comerica Bank, et al.,

15                      Defendants.

16

17        On January 20, 2022, the court conducted a final pretrial conference.  Timothy J. Gorry

18   appeared for plaintiff AGK Sierra de Montserrat.  Frank Perrott appeared for defendant Comerica

19   Bank.  After hearing, and good cause appearing, the court makes the following findings and

20   orders:

21   **JURISDICTION AND VENUE**

22        This court has subject matter jurisdiction based on 28 U.S.C. § 1331.  This district and

23   Sacramento in particular is an appropriate venue because the alleged events occurred within this

24   district and the geographic area served by the Sacramento courthouse.  The parties do not contest

25   this court's jurisdiction or venue

26   **JURY / NON-JURY**

27        This matter will be tried as a bench trial.

# UNDISPUTED FACTS

The court accepts the parties' stipulation to the following agreed-upon undisputed facts:

1. In 2005, Westwood Montserrat, Ltd. ("Westwood") began developing a residential subdivision located in Loomis, California, commonly known as Sierra de Montserrat.

2. As the developer, Westwood recorded a Declaration Of Covenants, Conditions and Restrictions for Sierra de Montserrat (the "CC&Rs").

3. The CC&Rs reserved certain rights for Westwood as the development's "Declarant."

4. To develop the property, Westwood borrowed money from Comerica.

5. The loan was secured by a Construction Trust Deed with Assignment of Rents, Security Agreement and Fixture Filing (the "Trust Deed").

6. The Trust Deed, among other things, assigned to Comerica certain rights in the Development in the event of Westwood's default.

7. Westwood defaulted on its loan obligations to Comerica.

8. Just days before the foreclosure sale, Westwood recorded a Supplemental Declaration Regarding Construction Obligation and Memorandum of Repurchase Rights (the "Supplemental Declaration"), which purportedly granted Westwood additional rights and benefits as the Declarant.

9. On November 6, 2009, Comerica acquired 51 lots in Sierra de Montserrat following a nonjudicial foreclosure pursuant to the Trust Deed.

10. On March 19, 2010, Don Murphy, on behalf of Angelo Gordon and Kinetic, made a written offer to purchase 51 lots in Sierra de Montserrat through a written letter.

11. Keith Maruska was the main point of contact for Comerica during the negotiation of a Purchase And Sale Agreement And Joint Escrow Instructions, dated May 17, 2010 ("PSA").

12. During the time period relevant to this lawsuit, Keith Maruska was a manager in Comerica's California ORE Department - Western Market, a part of Comerica's Special Assets Group.

/////

2

13. In late March or early April 2010, at Keith Maruska's direction, Comerica's attorneys prepared the initial draft of the PSA.

14. Don Murphy is a principal of Kinetic.

15. Nader Pakfar acted as counsel for AGK, Angelo Gordon, and Kinetic in their negotiations with Comerica.

16. Alvin Galstian acted as counsel for AGK, Angelo Gordon, and Kinetic in their negotiations with Comerica.

17. Francis Ferrer acted as inside counsel for Comerica in its negotiations with AGK, Angelo Gordon, and Kinetic.

18. Steve Chamberlain acted as Comerica's real estate agent for the sale of Comerica's lots in the Development.

19. First American assigned Arah Tresler, an Escrow Specialist, to assist AGK and Comerica with the transaction.

20. After Angelo Gordon and Kinetic submitted the LOI to Comerica, the parties began negotiating the PSA.

21. On May 17, 2010, Angelo Gordon Real Estate, Inc. ("AGRE"), on the one hand, and Comerica, on the other, entered into the PSA.

22. On June 16, 2010, AGRE and Comerica entered into the First Amendment of the PSA.

23. On June 18, 2010, AGRE and Comerica entered into the Second Amendment of the PSA.

24. On June 25, 2010, AGRE and Comerica entered into the Third Amendment of the PSA.

25. Kinetic and Angelo Gordon created a special purpose entity, AGK, to acquire 51 lots in the Development from Comerica.

26. AGRE assigned its interest in the PSA to AGK.

27. On June 30, 2010, Keith Maruska executed a written Assignment of Declarants Rights (the "Assignment").

28. First American Title Company recorded the Assignment.

/////

/////

29.     On April 17, 2015, AGK made written demand to Comerica to indemnify AGK for lawsuits Westwood filed against AGK and to pay for the attorneys' fees and expenses AGK incurred in defense of those actions.

30.     On or about April 24, 2015, Comerica sent a written response indicating that Comerica would not indemnify AGK, as AGK had demanded.

31.     Comerica has not paid any money to AGK, at any time, in response to AGK's demand that Comerica indemnify AGK.

**FACTS RESOLVED BY PLEADINGS**

The following facts are undisputed, and the court accepts the parties' stipulation that these facts are established for the purposes of trial without the need to further elicit such fact through testimony or documentary evidence:

32.     Comerica's Answer [Docket No. 5], ¶19, admits Comerica "refuses to indemnify AGK from and against claims and causes of action asserted by Westwood against AGK in both lawsuits brought by Westwood in the Superior Court of the State of California."

33.     Comerica's Answer [Docket No. 5], ¶23, admits "AGK and Comerica entered into a written indemnification agreement by and through the Assignment [the Assignment of Declarants Rights attached to the Complaint as Exhibit A]." Although Comerica agrees that its execution of the Assignment containing an indemnity provision in favor of AGK is an established fact, Comerica intends to offer further testimonial and documentary evidence of the facts and circumstances surrounding the execution of the Assignment in support of its affirmative defenses based on failure of consideration and mistake of fact and as extrinsic evidence regarding the meaning of the indemnity provision.

**DISPUTED FACTUAL ISSUES**

The following factual issues are disputed:

1.  The nature, extent, scope, and effect of any communications between Comerica, on the one hand, and AGK, Angelo Gordon Real Estate, Inc. and/or Kinetic Homes, on the other hand, concerning the Assignment of Declarants Rights.

/////

4

2. The nature, extent, scope, and effect of any communications between Comerica, on the one hand, and AGK, Angelo Gordon Real Estate, Inc. and/or Kinetic Homes, on the other hand, about whether Comerica would agree to indemnify AGK, Angelo Gordon Real Estate, Inc. and/or Kinetic Homes from claims brought by Westwood Montserrat, L.P.

3. The nature, extent, scope, and effect of any communications between Comerica, AGK, Angelo Gordon Real Estate, Inc., and/or Kinetic Homes, their attorneys, and other parties involved in the purchase and sale of the real property that is the subject of this action, including, without limitation, representatives of First American Title Company (the title company) and VierraMoore, Inc. (a subdivision consultant).

4. The nature, basis and scope of the claims and allegations made by Westwood in certain lawsuits it brought against AGK.

5. The date that AGK first incurred any loss or liability in connection with the claims for which AGK seeks indemnity in this action.

6. The factual elements underpinning Comerica's affirmative defense of unilateral mistake of fact, including whether such mistake was caused by AGK.

**SPECIAL FACTUAL INFORMATION FOR ACTION INVOLVING CONTRACT**

The parties have provided the following information as provided by Eastern District Local Rule 281(b)(6)(iii), as AGK's claims are based on a contract between the parties:

1. The contractual obligations at issue are contained in the Assignment. Comerica's assignment of its declarant's rights was required by a broader agreement between the parties, the terms of which are embodied in the PSA, as amended.

2. The contract at issue is written.

3. AGK alleges that Comerica breached the contract by failing and refusing to indemnify AGK under the terms of the Assignment Of Declarants Rights in connection with two lawsuits that Westwood Montserrat L.P. brought against AGK in which Westwood Montserrat's claims were based, at least in part, on the theory that Westwood Montserrat remained the Declarant of the Sierra de Montserrat development and that Comerica was never the Declarant. More

specifically, AGK alleges that, through the lawsuits, Westwood Montserrat claimed : (a) AGK was liable to Westwood Montserrat for Comerica's attempts to act as Sierra de Montserrat's Declarant by, among other things, rescinding the Supplemental Declaration; (b) AGK was liable to Westwood Montserrat for refusing to allow Westwood Montserrat, as the development's Declarant, to repurchase AGK-owned lots in Sierra de Montserrat as provided for in the Supplemental Declaration Westwood Montserrat recorded before the foreclosure, despite that Comerica's exercise of its then-held Declarant right to rescind the Supplemental Declaration; and (c) AGK is liable for a civil conspiracy with Comerica designed to deprive Westwood Montserrat of its Declarant rights based on, among other things, Comerica's public claims that it had acquired Declarant rights for Sierra de Montserrat, Comerica's recordation of the Assignment and Comerica's rescission of the Supplemental Declaration Westwood Montserrat had recorded.

4. Comerica alleges that it is entitled to partial rescission of the Assignment because its consent to the indemnity provision was given by mistake.

5. Comerica alleges that AGK's breach of contract claims are barred by the statutes of limitation, because AGK incurred loss or liability in connection with the claims for which AGK seeks indemnity in this action more than four years prior to the filing of its complaint.

6. Neither party has alleged a claim or defense of estoppel or waiver.

7. AGK seeks the following relief: (a) monetary damages in an amount of at least $3,231,115; and (b) a judicial declaration confirming that Comerica has a contractual obligation pursuant to the Assignment to indemnify AGK against any loss, liability, claims, or causes of action arising out of Comerica's position as "Declarant" under the Sierra de Montserrat CC&Rs that accrued before the date of the Assignment. AGK believes the declaration is necessary, as at least one of Westwood's lawsuits against AGK is ongoing and Westwood has recently threated additional litigation against AGK.

8. Comerica disputes that AGK is entitled to a judicial declaration regarding the parties' rights and responsibilities with respect to any prospective claims or litigation. Comerica is unaware

/////

1    of any "threatened additional litigation against AGK," and any such ongoing lawsuits or

2    litigation have not been the subject of this action or any of the discovery herein.

3    9.  AGK's measure of damages stems from the amounts of attorneys' fees and costs it spent

4         defending against claims Westwood Montserrat, L.P. brought against AGK in various actions

5         where the claims and allegations arose from Westwood's assertion that Comerica did not

6         obtain the Declarant rights through foreclosure (specifically, Placer County Superior Court

7         Case Nos. SCV0029131 and SCV0032447). AGK's itemization of these amounts is as

8         follows: (a) attorneys' fees and costs incurred in Case No. SCV0029131, in the amount of at

9         least $1,000,311; and (b) attorneys' fees and costs incurred in Case No. SCV0032447, in the

10        amount of at least $1,377,346. AGK take the position those damages continue to accrue, as

11        litigation is ongoing in Case No. SCV0032447.

12             Also, as part of its damages, AGK asserts that it is entitled to recoup the costs of litigating

13        against Comerica in this action, which was a necessary consequence of Comerica's refusal to

14        provide indemnification.  AGK calculates the amount of those damages as at least $853,458,

15        and says this component of AGK's damages continues to accrue as litigation continues.

16   10. Comerica disputes that AGK is entitled to recover the attorneys' fees and costs it incurred

17        prosecuting its indemnity claim against Comerica as damages.

18   **DISPUTED EVIDENTIARY ISSUES**

19             The parties do not anticipate any unique or unusually complex evidentiary issues at this

20   time and therefore do not plan to file any motions in limine with one possible exception related to

21   bifurcation as noted below.

22   **RELIEF SOUGHT**

23             Plaintiff seeks monetary damages in an amount of at least $3,231,115.

24             Plaintiff also seeks a judicial declaration confirming that Comerica has a contractual

25   obligation pursuant to the Assignment to indemnify AGK against any loss, liability, claims, or

26   causes of action arising out of Comerica's position as "Declarant" under the Sierra de Montserrat

27   CC&Rs that accrued before the date of the Assignment.

28             Defendant seeks judgment in its favor.

**POINTS OF LAW**

The parties have alerted the court to legal disputes in their joint pretrial statement.  Trial briefs addressing these points more completely shall be filed with this court **no later than seven days prior to the date of trial** in accordance with Local Rule 285.

**ABANDONED ISSUES**

No issues or defenses have been abandoned by parties.

**WITNESSES**

Plaintiff's and Defendant's witnesses are both listed in Joint Exhibit A.  Each party may call any witnesses designated by the other.

    A.    The court will not permit any other witness to testify unless:

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

        (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)    The court and opposing parties were promptly notified upon discovery of the witness;

        (3)    If time permitted, the party proffered the witness for deposition; and

        (4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's and Defendant's exhibits are listed in Joint Exhibit List B.  The parties are ordered to provide a supplemental exhibit list **within two weeks of the depositions of Louis Friedel and Frances Ferrer** as allowed below.  The parties stipulate that the email communications that are separately listed in the parties' Joint Exhibit List are authentic and were transmitted on or about the date and time reflected in the emails.  At trial, Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**.  Any written objections to exhibits are due no later than **fourteen days before trial**.

A.   The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1.   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2.   The exhibit was discovered after the issuance of this order and the proffering  party makes the showing required in Paragraph "B," below.

B.   Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1.   The exhibits could not reasonably have been discovered earlier;

2.   The court and the opposing parties were promptly informed of their existence; and

/////

3.      The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DISCOVERY DOCUMENTS**

The parties expect to offer the following discovery documents at trial:

1.  AGK expects to offer Comerica's responses to AGK's first set of Requests For Admissions (served August 14, 2019).

2.  Comerica expects to offer selected portions of the deposition transcripts of Don Murphy and Louis Freidel, who were designated as AGK's persons most knowledgeable regarding a variety of subjects.

**FURTHER DISCOVERY OR MOTIONS**

The parties have completed discovery, with the exception of the depositions of Louis Friedel and Frances Ferrer; the court approves the parties' agreement to schedule and **complete these depositions no later than February 17, 2022**.

**ADDITIONAL STIPULATIONS**

The parties stipulate, and jointly request that, the court take judicial notice of the pleadings, court filings, and other litigation documents listed in their Joint Exhibit List. This stipulation and request relates only to the existence of the documents and the fact that the statements and allegations contained in them were made by the party who authored the pleading, court filing or other litigation document. The parties do not agree, and expressly reserve the right to challenge at trial, that statements or allegations contained in those documents are actually true. This stipulation and request relates to the following exhibit numbers listed in the parties' Joint Exhibit List: Exhibit Nos. 6, 8, 9, 10, 117, 118, 119, 126, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, and 145.

The court approves this stipulation and takes judicial notice as requested.

**AMENDMENTS AND DISMISSALS**

The parties do not anticipate requesting any additional amendments to pleadings, dismissals, or additions or substitutions of parties.

**SETTLEMENT**

The parties engaged in a Mandatory Settlement Conference before the Honorable Deborah Barnes on August 3, 2021, and were unable to reach a settlement. There have been no further settlement discussions between the parties and the court orders no further court-convened settlement at this time.

**SEPARATE TRIAL OF ISSUES**

Comerica reserves its right to seek the bifurcation of trial for the purpose of having its affirmative defense based on mistake determined prior to the determination of all other issues. AGK does not currently believe that bifurcation of trial or any trial issue will make trial more efficient or less burdensome.

The parties are **ordered** to exhaust meet and confer on this issue and schedule any remaining dispute for hearing on a motion in limine at the beginning of trial if necessary.

**IMPARTIAL EXPERTS OR LIMITATIONS OF EXPERTS**

Not applicable.

**ATTORNEYS' FEES**

AGK and Comerica include requests for an award of attorneys' fees, as costs, in the prayers for relief in their operative pleadings.  The court will address any request for costs after trial, following the appropriate post-trial motion.  AGK's requests for attorneys' fees may be subsumed in its indemnity damages, as AGK contends that applicable case law allows AGK to seek the attorneys' fees and costs it expended to prosecute this indemnity action as part of its damages.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

The bench trial is set for **Tuesday, April 26, 2022 starting at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller.  Trial is anticipated to last **three to five days**.

1  The parties are directed to Judge Mueller's default trial schedule outlined on her web page on the

2  court's website, with a more detailed schedule to be provided by the courtroom deputy closer to

3  trial.

4  **PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

5       Not applicable.

6  **OBJECTIONS TO THIS ORDER AND CONCLUSION**

7       Each party is granted **fourteen days** from the date of this order to file objections to the

8  same.  If no objections are filed, the order will become final without further order of this court.

9  DATED:  January 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**Exhibit A Joint Witness List**

The parties may call the following witnesses at trial:

| Name | Address | Type |
|------|---------|------|
| Don Murphy | Can be reached through AGK's counsel | Fact Witness |
| Louis Friedel | Can be reached through AGK's counsel | Fact Witness |
| Keith Maruska | Can be reached through Comerica's counsel | Fact Witness |
| Francis Ferrer | Can be reached through Comerica's counsel | Fact Witness |
| Nader Pakfar | 450 N. Roxbury Dr., Suite 700 Beverly Hills, CA 90210 | Fact Witness |
| Alvin Galstian | 9595 Wilshire Blvd., Suite 900 Beverly Hills, CA 90212 | Fact Witness |
| Timothy Gorry | 10880 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90024 | Fact Witness |
| Jeffrey Lowenthal | 235 Pint Street, 15th Floor, San Francisco, CA 94111 | Fact Witness |
| Karen Balmer | Can be reached through Comerica's counsel | |
| David Lardner | Can be reached through Comerica's counsel | |
| Steve Chamberlain | 301 University Ave., Suite 100, Sacramento, CA 95825 | |
| Arah Tresler | Address currently unknown | |
| David Pratt | Address currently unknown | |
| Curtis Westwood | 12150 Tributary Point Dr., Suite 160, Gold River, CA 95670 | |
| Tom Trost | 3721 Douglas Blvd., Suite 300, Roseville, CA 95661 | |
| Greg Maxim | 3721 Douglas Blvd., Suite 300, Roseville, CA 95661 | |

| | | |
|---|---|---|
| Terri-Sue Sublett | Address currently unknown | |
| George Moore | 2870 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833 | |
| Jeff Wagner | 1331 N. California Blvd., Fifth Floor, Walnut Creek, CA 94596 | |

# EXHIBIT B

**Exhibit B – Joint Exhibit List**

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| 2 | Letter, dated August 27, 2010, from Curtis A. Westwood to Don Murphy | WEST04626 – WEST04627 | | |
| 4 | Letter, dated April 18, 2011, from Timothy Gorry to Curtis Sproul | WEST04613 - WEST04615 | | |
| 5 | Letter, dated April 22, 2011, from Gregory Maxim to Robert C. and Jennielyn B. Kincade | WEST04616 – WEST04618 | | |
| 6 | Complaint For Declaratory Relief; Injunctive Relief; and Nuisance, filed May 2, 2011, in Placer County Superior Court Case No. SCV0029131 | WEST03732 – WEST03750 | | |
| 8 | Westwood Montserrat, LTD's Claim For Arbitration, dated May 6, 2013, in JAMS Arbitration No. 1130005625 | WEST03752 – WEST03765 | | |
| 9 | Westwood Montserrat, LTD's Amended Claim For Arbitration, dated August 20, 2013, in JAMS Arbitration No. 1130005625 | | | |
| 10 | Ruling On Cross Motions For Summary Judgment On Issue Of Declarant (Phase One), dated October 25, 2013, in JAMS Arbitration No. 1130005625 | | | |
| 15 | Letter, dated November 9, 2012, from Gregory Maxim to Timothy Gorry (with enclosures) | WEST04344 – WEST04350 | | |
| 16 | Letter, dated November 21, 2012, from Timothy J. Gorry to Gregory Maxim (with enclosures) | WEST01703 – WEST01707 | | |
| 17 | Letter, dated December 5, 2012, from Gregory Maxim to Timothy Gorry | WEST04341 – WEST04343 | | |
| 21 | Letter of Intent, dated March 19, 2010, from Don Murphy to Steve Chamberlain | 001342 – 001345 | | |
| 26 | Email, dated May 13, 2010, from Keith W. Maruska to Steve Chamberlain (with attachment) | COM002066 – COM002112 | | |
| 27 | Purchase and Sale Agreement and Joint Escrow Instructions, dated May 19, 2010, by and between Angelo Gordon Real Estate, Inc. and Comerica Bank | COM00465 – COM00506 | | |

1

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| 28 | Email, dated May 21, 2010, from Keith W. Maruska to Nader Pakfar | COM003499 – COM003502 | | |
| 29 | Email, dated May 25, 2010, from Alvin Galstian to Robin Nieto | AGK000248 – AGK000249 | | |
| 30 | Email, dated May 27, 2010, from Keith W. Maruska to Alvin Galstian | COM001725 – COM001731 | | |
| 31 | Email, dated May 28, 2010, from Nader Pakfar to Tim Ward | AGK000404- AGK000406 | | |
| 32 | Email, dated June 1, 2010, from Don Murphy to Keith W. Maruska | | | |
| 33 | Email, dated June 2, 2010, from Steve L. Chamberlain to Keith W. Maruska | COM003456 – COM003458 | | |
| 34 | Email, dated June 8, 2010, from Keith W. Maruska to Nader Pakfar (with attachments) | COM001687 – COM001695 | | |
| 37 | Supplemental Declaration Regarding Construction Obligation and Memorandum of Repurchase Right, recorded October 28, 2009, DOC-2009-0092355 | COM002682 – COM002688 | | |
| 38 | Email, dated June 16, 2010, from Keith W. Maruska to Steve L. Chamberlain | | | |
| 39 | Email, dated June 21, 2010, from Don to Keith W. Maruska | COM000460 – COM000463 | | |
| 43 | Email, dated June 25, 2010, from Keith W. Maruska to Nader Pakfar (with exhibits) | COM000955 – COM000972 | | |
| 45 | Email, dated June 25, 2010, from Arah Tresler to Nader Pakfar | COM000929 – COM000937 | | |
| 46 | Email, dated June 25, 2010, from Keith W. Maruska to Arah Tresler (with attachments) | COM000899 – COM000910 | | |
| 47 | Email, dated June 25, 2010, from Nader Pakfar to Keith Maruska | COM000849 – COM000854 | | |

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| 49 | Email, dated June 28, 2010, from Alvin Galstian to Arah Tresler (with attachments) | COM000282 – COM000291 | | |
| 51 | Assignment of Declarants Rights, recorded June 30, 2010, DOC-2010-0049607-00 | COM000287 – COM000291 | | |
| 60 | Email, dated June 16, 2010, from Keith W. Maruska to Nader Pakfar (with attachments) | COM001657 – COM001668 | | |
| 61 | Email, dated June 18, 2010, from Keith W. Maruska to Nader Pakfar (with attachments) | COM001632 – COM001641 | | |
| 65 | Email, dated June 03, 2010, from Cherri Kirchoff to Nancy D. Kordoban | COM002755 – COM002760 | | |
| 66 | Email, dated June 03, 2010, from Nancy D. Kordoban to Alvin Luckenbach | COM003267 – COM003271 | | |
| 70 | Email, dated June 28, 2010, from Francis Ferrer to Alvin Luckenbach | COM000737 – COM000739 | | |
| 72 | Email, dated June 29, 2010, from Arah Tresler to Keith W. Maruska (with attachments) | | | |
| 73 | Email, dated June 30, 2010, from Karen Balmer to Arah Tresler (with attachments) | COM002543 – COM002558 | | |
| 100 | Assignment And Assumption Of Purchase And Sale Agreement, dated as of June 28, 2010, by and between Angelo Gordon Real Estate, Inc. and AGK Sierra De Montserrat, L.P. | FA0098 - 0149 | | |
| 101 | Grant Deed, recorded June 30, 2010, DOC-2010-0049606-00 | AGK-COM0000283 - 0000285 | | |
| 102 | Bill Of Sale, Assignment And Assumption, dated as of June 30, 2010 | FA0090 - 0096 | | |
| 103 | Rescission of Declaration of Restrictions, recorded June 30, 2010, DOC-2010-0049605-00 | COM002184 - 002186 | | |
| 104 | Letter, dated April 9, 2014, from Gregory L. Maxim to Anthony R. Eaton | AGK-COM0000267 - 0000282 | | |

3

| Exhibit ID | Description | Bates No. | Offered | Admitted |
|---|---|---|---|---|
| 105 | Letter, dated April 17, 2015, from Timothy Gorry to Frank Perrott | | | |
| 106 | Letter, dated April 24, 2015, from Frank Perrott to Timothy Gorry | | | |
| 107 | Bylaws of Sierra de Montserrat Owners Association | AGK-COM0000286 - 0000311 | | |
| 108 | Eisner Law Firm Invoices from June 2011 to May 2015 for *Westwood v. AGK*, Placer County Superior Court Case No. SCV0029131 | EI0008497 – 0008635; AGK-COM0000647 - 0000710 | | |
| 109 | Theodora Oringher Invoices from April 2015 to July 2020 for *Westwood v. AGK*, Placer County Superior Court Case No. SCV0029131 | AGK-COM0018602 - 0018708 | | |
| 110 | Eisner Law Firm Invoices from February 2013 to February 2015 for *Westwood v. AGK*, Placer County Superior Court Case No. SCV0032447 | AGK-COM0000833 - 0000909 | | |
| 111 | Theodora Oringher Invoices from April 2015 to July 2020 for *Westwood v. AGK*, Placer County Superior Court Case No. SCV0032447 | AGK-COM0000711 – 0000832; AGK-COM0018709 - 0018800 | | |
| 112 | Steyer Lowenthal Invoices from July 2013 to March 2020 for *Westwood v. AGK*, Placer County Superior Court Case No. SCV0032447 | AGK-COM0000910 – 0001014; AGK-COM0018801 - 0018828 | | |
| 113 | Michelman & Robinson Invoices from September 2020 for *Westwood v. AGK*, Placer County Superior Court Case No. SCV0032447 | AGK-COM0018833 - 0018835 | | |
| 114 | Theodora Oringher Invoices for *AGK v. Comerica*, U.S.D.C. Case No. 2:15-cv-01280 | AGK-COM0018481 – 0018601 | | |
| 115 | Michelman & Robinson Invoices from September 2020 for *AGK v. Comerica*, U.S.D.C. Case No. 2:15-cv-01280 | AGK-COM0018829 - 0018832 | | |

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| 116 | Defendant Comerica Bank's Responses To Plaintiff AGK Sierra De Montserrat, L.P.'s First Set Of Requests For Admission | | | |
| 117 | Complaint filed by Westwood Montserrat, LTD, filed September 30, 2010, in Placer County Superior Court Case No. SCV0028027 | | | |
| 118 | Complaint For Damages And Other Relief, filed January 25, 2013, in Placer County Superior Court Case No. SCV0032447 | WEST04706 – WEST04815 | | |
| 119 | First Amended Complaint For Damages And Other Relief, filed April 23, 2013, in Placer County Superior Court Case No. SCV0032447 | WEST00059 – WEST00079 | | |
| 120 | Trustee's Deed Upon Sale, recorded November 6, 2009, as document number 20090095778 | COM01768 – COM01772 | | |
| 121 | Email, dated June 28, 2010, from Nader Pakfar to Arah Tresler (with attachments) | | | |
| 122 | Settlement Agreement and Release, dated November 4, 2011, by and between AGK Sierra De Montserrat, L.P. and Wildlife Heritage Foundation | | | |
| 123 | Letter, dated March 8, 2011, from Louis Friedel to Board of Directors of the Sierra de Montserrat Owners Association | WEST08632 | | |
| 124 | Sierra de Montserrat Owners' Association Board Minutes from Meeting on March 14, 2011 | WEST08634 – WEST08635 | | |
| 125 | Request for Resolution, dated March 14, 2011, from Curtis C. Sproul | WEST04604 – WEST04615 | | |
| 126 | Notice of Motion and Motion By Defendants AGK Sierra De Montserrat, L.P., Robert C. Kincade And Jennielyn B. Kincade To Compel Arbitration And Stay Claims Pending Against Them Pending Arbitration, filed June 16, 2011, in Placer County Superior Court Case No. SCV0029131 | WEST05208 – WEST05215 | | |

5

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| 127 | Email, dated August 17, 2012, from Anthony Eaton to Gregory Maxim (with attachments) | WEST01691 – WEST01695 | | |
| 128 | Letter, dated January 30, 2014, from Gregory Maxim to Hon. Cecily Bond | WEST05286 – WEST05288 | | |
| 129 | Claimant Westwood Montserrat's Statement of Phase II Issues and Damages, dated February 3, 2014, in JAMS Arbitration No. 1130005625 | WEST04906 – WEST04936 | | |
| 130 | Response to Statement of Phase II Issues and Damages, dated February 10, 2014, in JAMS Arbitration No. 1130005625 | WEST04939 – WEST04952 | | |
| 131 | Order Re Westwood Montserrat, Ltd's Petition To Vacate Final Arbitration Award, filed September 16, 2015, in Placer County Superior Court Case No. SCV0029131 | WEST04984 – WEST04985 | | |
| 132 | Motion for Relief from Order Staying Action, filed June 18, 2014, in Placer County Superior Court Case No. SCV0032447 | WEST04875 – WEST04887 | | |
| 133 | Defendants AGK Sierra De Montserrat, L.P., Don Murphy, Angelo Gordon Real Estate, Inc., Kinetic Homes, And Kinetic Partners, Inc.'s Notice of Motion And Motion for Summary Judgment, filed March 2, 2017, in Placer County Superior Court Case No. SCV0032447 | WEST06418 – WEST06425 | | |
| 134 | Order Granting Defendants' Motion To Compel Arbitration And Stay Claims Pending Against Them Pending Arbitration, filed October 21, 2011, in Placer County Superior Court Case No. SCV0029131 | WEST05217 – WEST05218 | | |
| 135 | Order After Conference Call, dated June 4, 2013, in JAMS Arbitration No. 1130005625 | WEST05237 – WEST05238 | | |
| 136 | Conference And Scheduling Order Re Phase 2, dated January 28, 2014, in JAMS Arbitration No. 1130005625 | WEST04901 – WEST04903 | | |
| 137 | Order Following Telephonic Conference Re Phase II, dated February 27, 2014, in JAMS Arbitration No. 1130005625 | WEST04955 – WEST04958 | | |

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| 138 | Order Following Telephonic Conference, dated June 6, 2014, in JAMS Arbitration No. 1130005625 | WEST04961 – WEST04963 | | |
| 139 | Final Award, dated April 2, 2015, in JAMS Arbitration No. 1130005625 | WEST05349 – WEST05362 | | |
| 140 | Ruling On Submitted Matter, filed September 6, 2013, in Placer County Superior Court Case No. SCV0032447 | WEST04889 – WEST04891 | | |
| 141 | Order Re Westwood Montserrat, Ltd's Motion For Relief From Order Staying Action, filed September 14, 2015, in Placer County Superior Court Case No. SCV0032447 | WEST03994 – WEST04002 | | |
| 142 | Fourth Amended Complaint For Damages And Other Relief, filed February 3, 2017, in Placer County Superior Court Case No. SCV0032447 | WEST05021 – WEST05050 | | |
| 143 | Law And Motion Minutes, dated June 6, 2017, in Placer County Superior Court Case No. SCV0032447 | WEST05838 – WEST05847 | | |
| 144 | Tentative Decision Re Bifurcated Issue Of Affirmative Defenses, filed May 2, 2018, in Placer County Superior Court Case No. SCV0032447 | WEST09420 – WEST09453 | | |
| 145 | Tentative Decision Re Bifurcated Issue Of Affirmative Defenses, filed June 29, 2018, in Placer County Superior Court Case No. SCV0032447 | WEST09455 – WEST09463 | | |

7