1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AGK SIERRA DE MONTSERRAT, L.P.,        No.  2:15-cv-01280-DAD-DB

12                  Plaintiff,

13        v.                                ORDER GRANTING DEFENDANT'S
                                            UNOPPOSED MOTION TO APPROVE
14   COMERICA BANK,                         SUPERSEDEAS BOND AND STAY
                                            EXECUTION OF JUDGMENT PENDING
15                  Defendant.              APPEAL

16                                          (Doc. No. 129)

17

18        This matter is before the court on defendant's unopposed motion to approve a supersedeas

19   bond pursuant to Federal Rule of Civil Procedure 62(b) and to stay execution of judgment in this

20   action pending appeal.  (Doc. No. 129.)  The pending motion was taken under submission on May

21   19, 2023.  (Doc. No. 133.)  For the reasons explained below, the court will grant defendant's

22   motion to approve its proposed supersedeas bond and stay execution of judgment.

23                              **BACKGROUND**

24        On January 27, 2023, the court issued findings of fact and conclusions of law following

25   the bench trial of this action.  (Doc. No. 118.)  Therein, the court directed the Clerk of the Court

26   to enter judgment in favor of plaintiff AGK Sierra de Montserrat, L.P. in the total amount of

27   $2,877,294.36.  (Doc. No. 118 at 93.)  Judgment was so entered on January 27, 2023.  (Doc. No.

28   119.)  On February 24, 2023, defendant filed a notice of appeal of that judgment.  (Doc. No. 124.)

1

1    On May 2, 2023, defendant filed the pending motion seeking approval of its proposed

2  supersedeas bond and a stay of the execution of the judgment pending appeal.  (Doc. No. 129.)

3  On May 18, 2023, plaintiff filed a statement of non-opposition to the pending motion.  (Doc. No.

4  132.)

5                                        **DISCUSSION**

6    Federal Rule of Civil Procedure 62(b) provides that

7
> [a]t any time after judgment is entered, a party may obtain a stay by
> providing a bond or other security.  The stay takes effect when the
8
> court approves the bond or other security and remains in effect for
> the time specified in the bond or other security.
9

10  Fed. R. Civ. P. 62(b).  "Where a party has posted a bond acceptable to the court, the party is

11  entitled to a stay 'as a matter of right' under Rule 62."  *Jordan v. Wonderful Citrus Packing LLC*,

12  No. 1:18-cv-00401-AWI-SAB, 2020 WL 7360585, at *1 (E.D. Cal. Dec. 15, 2020) (quoting

13  *Matter of Combined Metals Reduction, Inc.*, 557 F.2d 179, 193 (9th Cir. 1977)); *see also*

14  *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, No. 2:11-cv-01787-WBS, 2012 WL 1085535, at *2

15  (E.D. Cal. Mar. 30, 2012) ("A party appealing a district court's entry of a money judgment is

16  entitled to a further stay as a matter of right if he posts a bond in accordance with [Rule 62].").

17    "District courts have inherent discretionary authority in setting [the requirements for]

18  supersedeas bonds."  *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987.)

19  Thus, "[w]hile Rule 62(b) is silent on the required amount or form of any supersedeas bond, these

20  specifics are addressed by Local Rule 151."  *Jordan*, 2020 WL 7360585, at *1.  In particular,

21  Local Rule 151 states that "a supersedeas bond shall be 125 percent of the amount of the

22  judgment unless the court otherwise orders" and requires that such a bond "shall be given, signed,

23  and acknowledged by the party offering it and by that party's surety" and "shall state the

24  conditions of the obligation and shall contain a provision expressly subjecting it to all applicable

25  federal law."  L.R. 151(d)–(e).  In addition, Local Rule 151(f) requires that bonds with corporate

26  surety be "in compliance with the provisions of 31 U.S.C. §§ 9304–06" and have "either attached

27  to the face of the security, bond, or undertaking or on file with the Clerk, a duly authenticated

28  power of attorney appointing the agents or officers executing such obligation to act on behalf of

1   the corporate surety."  *See also* 31 U.S.C. §§ 9304–06 (defining and setting forth filing

2   requirements applicable to surety corporations).

3        Here, defendant seeks an order approving its proposed supersedeas bond and consequently

4   staying the execution of judgment pending the resolution of its appeal.  (Doc. No. 129-1 at 2.)

5   Defendant has attached a copy of the proposed supersedeas bond to the pending motion.  (Doc.

6   No. 129-2 at 4–7.)  The supersedeas bond is in the amount of $3,596,617.95, which is 125 percent

7   of the amount of the judgment entered in favor of plaintiff.  (Doc. Nos. 129-1 at 2; 129-2 at 6.)

8   The supersedeas bond is signed by Comerica, the party offering it, and by its surety, Arch

9   Insurance Company.  (Doc. Nos. 129-1 at 2; 129-2 at 6.)  The supersedeas bond states the

10  conditions of the obligation and contains a provision expressly subjecting it to all applicable

11  federal law.  (Doc. No. 129-2 at 5–6.)  The parties do not dispute that the corporate surety is in

12  compliance with the provisions of 31 U.S.C. §§ 9304–06, and that attached to the proposed bond

13  is a duly authenticated power of attorney appointing agents to act on behalf of the corporate

14  surety.  (Doc. Nos. 129-1 at 2; 132 at 2; 129-2 at 7.)  The proposed supersedeas bond therefore

15  satisfies Rule 62(b) and the requirements of Local Rule 151.

16       Accordingly, the court will approve the proposed supersedeas bond and grant a stay of

17  execution of the judgment pending the appeal of that judgment by defendant.  *See Jordan v.*

18  *Wonderful Citrus Packing LLC*, No. 1:18-cv-00401-AWI-SAB, Order, Doc. No. 229 at 2 (E.D.

19  Cal. Jan. 5, 2021) (approving proposed supersedeas bond and staying execution of judgment

20  pending any appeal of that judgment by the moving party); *Maner v. Cnty. of Stanislaus*, No.

21  1:14-cv-01014-DAD-MJS, 2016 WL 8730741, at *5 (E.D. Cal. Oct. 28, 2016) ("Once the

22  appellant secures the *supersedeas* bond, the stay takes effect as a matter of law when the court

23  approves it.")

24                           **CONCLUSION**

25       For the reasons explained above,

26       1.    Defendant's motion to stay execution of the judgment and to approve its proposed

27             supersedeas bond (Doc. No. 129) is granted;

28  /////

3

2.      Defendant's proposed supersedeas bond (Doc. No. 129-2 at 5–7) is approved; and

3.      Any proceedings to execute the judgment in this action are stayed consistent with

the terms of the supersedeas bond filed on May 2, 2023 (Doc. No. 129-2 at 5–7).

IT IS SO ORDERED.

Dated:    **May 19, 2023**

_____
UNITED STATES DISTRICT JUDGE

4